E-FILED
Friday, 31 March, 2023 02:36:44 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |  | |
|---|---|---|---|
| KHRISTIAN WILLIAMS, | ) | | |
|    Plaintiff, | ) | | |
| | ) | | |
| vs. | ) | Case No. 23-2022 | |
| | ) | | |
| OFFICER WILLIAMS, et. al., | ) | | |
|    Defendants | ) | | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff alleges 12 Defendants violated his constitutional rights including Corrections Officer Williams; Corrections Sergeants Paige, Spence, and Kroker-Lines; Champaign Police Officers Wahmer and Keller; Detective Schweizer; Sergeant Fisher; News Gazette Reporter Mary Shenk; Jail Program Coordinator Celeste Blodgett; Officer Jentis; and Lieutenant Good.

It appears most of the Defendants were either Champaign City Police Officers or Champaign County Jail Corrections Officers. However, it is difficult to read Plaintiff's writing in the "Statement of Claim" portion of his complaint. (Comp., p. 6). Plaintiff

does clearly state he was "wrongfully accused of crimes I didn't commit I believe in an effort to stop my lawsuit." (Comp., p. 6). It is not clear what lawsuit Plaintiff is referencing. Plaintiff says he was not told why he was arrested, he was illegally searched, and his belongings were seized.

Plaintiff also says his constitutional rights were violated "on a daily basis" at the jail. Plaintiff mentions his wrist, but it is unclear if he is alleging officers "broke" his wrist. (Comp, p. 6). Plaintiff does state he was elbowed in the mouth and Defendant Keller refused medical care. Plaintiff also alleges he was denied recreation for four days and officers wrote false reports. Plaintiff is asking for $70,000 in damages.

There are several problems with Plaintiff's complaint. First, Plaintiff only names Defendant Keller in the body of his complaint. Plaintiff lists the other Defendants in the caption of his complaint, but he does not say what he is accusing each Defendant of doing to violate his rights. *See Kuhn v. Milwaukee County*, 59 F. App'x 148, 150 (7th Cir. 2003) (merely naming defendants in the caption of a complaint does not state a claim against them); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (district court properly dismissed *pro se* complaint where it alleged no specific conduct by the defendant and only included the defendant's name in the caption).

Second, Plaintiff does not provide any dates or time frames for any of his allegations. For instance, Plaintiff has not provided the date of his arrest, nor a case number. The Court takes judicial notice Plaintiff currently has a pending case in

Champaign County accusing Plaintiff of aggravated battery which is set for jury trial on April 17, 2023.[1] Plaintiff must clarify if this is the arrest alleged in his complaint.

Plaintiff also does not provide the dates of any of the alleged incidents in the Champaign County Jail. Defendants cannot provide a response if Plaintiff does not state when specific events occurred and who was involved

Third, a complaint filed pursuant to §1983 must allege a plaintiff's rights were violated by a person acting under color of state law. *See Wyatt v Cole*, 504 U.S. 158, 161 (1992)(§1983's purpose is "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights…"). A newspaper reporter working for an independent newspaper is not a state actor.

Plaintiff's complaint is therefore dismissed as a violation of Rule 8 of the Federal Rules of Civil Procedure. However, the Court will allow Plaintiff additional time to file an amended complaint. The amended complaint must stand complete on its own, include all intended claims and Defendants, and must not refer to the previous complaint.

In addition, Plaintiff must provide dates or time frames for each allegation along with general supporting information. For instance, when was Plaintiff arrested and who was involved? How did the Defendants violate his constitutional rights? Plaintiff

---

[1] CHAMPAIGN COUNTY CIRCUIT CLERK, Public Court Case Information, https://www.clericusmagnus.com:

should also confirm whether he is referring to the current aggravated battery case in Champaign County, *People v. Williams*, 20 CF 1060.

If Plaintiff is claiming any officer or officers used excessive force, he should state when this occurred, who was involved, what they did, and what injuries he suffered. If Plaintiff is alleging he was denied needed medical care, he should state when this occurred, the relevant injury or medical condition, and who knew he needed medical care, but refused to provide it.

Plaintiff must also write legibly with one sentence per line. Plaintiff should use the complaint form he will be provided.

Finally, Plaintiff's motion for appointment of counsel is denied with leave to renew after he clarifies his claims.[4].

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed as a violation of Rule 8 of the Federal Rules of Civil Procedure.

2) Plaintiff must file an amended complaint in compliance with this order within 21 days or on or before April 21, 2023. If Plaintiff fails to file a complaint by the deadline or fails to follow the Court's specific directions, his case will be dismissed.

3) Plaintiff's motion for appointment of counsel is denied with leave to renew [4]. Plaintiff is advised he must demonstrate he has made a reasonable attempt to find counsel on his own or he has been effectively precluded from doing so.

*Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff should include a list of attorneys contacted or copies of letters sent or received.

5). The clerk is to provide Plaintiff with a blank complaint form and reset the merit review deadline to April 21, 2023.

Entered this 31st day of March, 2023.


s/ James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE